| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO  80202<br>Telephone: (720) 865-8301 | DATE FILED: May 14, 2024 11:33 AM<br>FILING ID: EEA9E71F5299E<br>CASE NUMBER: 2024CV31462 |
| **Plaintiff:**<br><br>WESTERN SLOPE HOLDING COMPANY, LLC, a Colorado Limited Liability Company,<br><br>vs.<br><br>**Defendant:**<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation. | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br><br>Zachary Warzel, No. 36546<br>Keating Wagner Polidori Free, P.C.<br>1290 Broadway, Ste. 600<br>Denver, CO  80203<br>(303) 534-0401<br>zwarzel@keatingwagner.com | Case Number:<br><br>Division: |
| **COMPLAINT & JURY DEMAND** ||

Plaintiff, Western Slope Holding Company, LLC, hereby submits its Complaint and Jury Demand.  In support, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Western Slope Holding Company, LLC ("Western"), is a Limited Liability Company incorporated in the State of Colorado, with its principal place of business located in Nucla, Colorado.

2. Western's LLC members, Roseanne Guire and Jimmy Guire II, are both residents of the State of Colorado.

EXHIBIT  A

3. At all times pertinent, Plaintiff owned the building and property located at 17602 Highway 145, Dolores, Colorado 81323-9374, that was the subject of the insurance claim at issue in this lawsuit (the "Property").

4. Plaintiff is the named policyholder on the State Farm insurance policy at issue in this lawsuit.

5. Defendant State Farm Fire and Casualty Company ("State Farm") is incorporated in the State of Illinois, with its principal place of business located in Bloomington, Illinois.

6. State Farm is authorized to transact business in the State of Colorado.

7. State Farm engages in, and at all times pertinent to this Complaint did engage in, the business of insurance in the State of Colorado.

8. This Court has personal jurisdiction pursuant to Colorado's "long-arm statute," C.R.S. § 13-1-124.

9. This Court has jurisdiction over the subject matter of this action.

10. Venue is proper in the county designated in this Complaint pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

11. At all times pertinent to Plaintiff's claims, Plaintiff owned the Property located in Dolores, Colorado.

12. The Property is a commercial warehouse and office building.

13. The winter of 2022-23 was extremely harsh in Dolores, Colorado.

14. The area received 10.5 inches of snow in December 2022, 26.8 inches of snow in January 2023, and 12.7 inches of snow in February 2023. By way of comparison, the normal expected snowfall in the area is 7.5 inches in December, 8 inches in January, and 7.2 inches in February.

15. This historic snowfall in the Dolores area led to heavy and unusual accumulations of snow on the roof of Western Slope's building.

16. This unusual accumulation of snow led to heavy snow loads and ice on the roof of the Property.

17. Ice damning also occurred as a result of the heavy snow load.

18. There was so much snow and ice on the roof that Plaintiff, for the first time since owning the Property, was required to hire a roofing company to clear snow from the roof out of fear of collapse due to the excessive weight of snow and ice.

19. The snow removal was undertaken on or about January 23, 2023.

20. Shortly after this work was completed, and as additional snow was deposited on the roof, Plaintiff discovered water leaking into the structure and damaging the interior of the Property.

21. At the time of this damage, Plaintiff's Property was insured under an insurance policy issued by State Farm, Policy Number 96-C9-U142-6, providing total building coverage of $2,205,500 (the "Policy").

22. On or about February 1, 2023, Plaintiff opened a claim under the Policy for the damage to the roof and the ensuing interior water damage.

23. State Farm inspected the interior damage on or about March 1, 2023, but was unable to inspect the roof due to the heavy snow load and ice.

24. State Farm covered the interior damage to the Property.

25. State Farm returned to inspect the roof of the Property on or about April 13, 2023.

26. Plaintiff's contractor, Circle G Roofing, attended the inspection along with State Farm.

27. Circle G Roofing expressed its opinion to State Farm that the roof was damaged by the heavy snow load and ice damning.

28. The following photographs depict some of the damage to the roof:

EXHIBIT A

EXHIBIT A



4



29.     Circle G Roofing provided an estimate of $66,900.00 for replacement of the spray foam roofing system on the building.

30.     State Farm's representative at the inspection, Brent Zurbriggen, expressed to Circle G Roofing during the inspection that it appeared the roof had some hail damage as well.

31.     Despite the opinions expressed at the April 13, 2023 inspection, State Farm wrote to Plaintiff on April 15, 2023 denying the claim for roof damage, stating only: "As we discussed, our inspection did not reveal any covered accidental direct physical loss to your roof. Accordingly, we are unable to issue payment for your roof."

32.     In violation of C.R.S. § 10-3-1104(1)(h)(XIV), and insurance industry standards, no policy terms, controlling law, or facts were recited in State Farm's April 13, 2023 letter, and no reasonable explanation for the denial was provided.

EXHIBIT A

33. The Policy is an "all perils" insurance policy; *i.e.,* all accidental perils are covered unless specifically excluded.

34. The Policy's "Covered Causes of Loss" coverage grant provides:

> **SECTION I — COVERED CAUSES OF LOSS**
>
> We insure for accidental direct physical loss to Covered Property unless the loss is:
>
> 1. Excluded in **SECTION I — EXCLUSIONS**; or
> 2. Limited in the **Property Subject To Limitations** provision.

35. There is no "roof" exclusion in the Policy.

36. There is no "snow" exclusion in the Policy.

37. There is no "ice damn" exclusion in the Policy.

38. There is no "hail" exclusion in the Policy.

39. There is no "snow removal" exclusion in the Policy.

40. "Weight of snow," "ice," "hail," and "water damage" are all explicitly included in the Policy as "Specified causes of loss":

> "Specified **causes of loss**" means the following:
>
> Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; "sinkhole collapse"; "volcanic action"; falling objects; weight of snow, ice or sleet; water damage.

41. There is clear and documented roof damage to the Property.

42. There can be no argument that the damage to the roof was anything other than "accidental."

43. On November 10, 2023, Plaintiff, through counsel, wrote to State Farm asking for a reasonable explanation for the denial of coverage, with specific citations to facts, policy provisions, and law being relied upon by State Farm. Plaintiff requested that State farm respond by December 8, 2023.

44. State Farm did not respond to this letter.

EXHIBIT A

45. On December 27, 2023, Plaintiff, through counsel, followed up with State Farm asking whether it was planning to respond.

46. State Farm responded on January 6, 2024, stating, "This is in review. We will follow up once we complete the review."

47. On January 29, 2024, Plaintiff, through counsel, again contacted State Farm asking for an update.

48. State Farm did not respond.

49. On February 8, 2024, Plaintiff, through counsel, again contacted State Farm asking for an update.

50. Again, State Farm did not respond.

51. On March 4, 2024, Plaintiff, through counsel, again wrote to State Farm asking for someone to contact him.

52. Again, State Farm did not respond.

53. On March 5, 2024, Plaintiff filed a complaint with the Colorado Division of Insurance.

54. State Farm responded on March 14, 2024, again stating only that "it was determined the roof did not sustain any accidental direct physical loss so there is no coverage for the roof." No other facts or explanation were provided, other than citation to several policy provisions that do not exclude the requested coverage.

55. On March 27, 2024, State Farm responded to Plaintiff's counsel, stating that "[t]he results of the inspection determined there was no physical hail or wind damage to the 25-year-old metal and foam roof. Observations of the roof noted loose fasteners and areas of wear, tear, and deterioration. … Correspondence provided to Western Slope Holding Company April 15, 2023, memorialized no physical loss to the roof was observed."

56. Plaintiff had not claimed "hail or wind damage" to the roof.

57. Again, no policy provisions were cited. Nor was any documentation or explanation of the insinuation that the roof was simply "too old" provided.

58. State Farm's denial of benefits was unreasonable.

59. State Farm's denial of benefits violates insurance industry standards and Colorado law, by, including but not limited to, the following:

i. Refusing to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information;

ii. Unreasonably interpreting the terms of the Policy to deny coverage;

iii. Unreasonably utilizing its "experts" to selectively compile and interpret evidence in favor of a denial of coverage, while simultaneously ignoring evidence supportive of coverage;

iv. Misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue;

v. Failing to acknowledge and act reasonably promptly upon communications with respect to the claim;

vi. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policy;

vii. Failing to affirm or deny coverage within a reasonable time after proof of loss statements have been completed;

viii. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

ix. Compelling Plaintiff to institute litigation to recover amounts due under the Policy;

x. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement;

xi. Engaging in conduct prohibited by CRS §§ 10-1-101 and 10-3-1104(1)(h);

xii. Failing to pay Plaintiff' insurance claim promptly;

xiii. Depriving Plaintiff of the benefits and protections of the contract of insurance;

xiv. Placing its interests above those of its insureds;

xv. Other conduct to be discovered in the course of these proceedings.

8

EXHIBIT A

60. State Farm chose to ignore evidence demonstrating that the roof was damaged by the heavy snow load and ice damning, which caused the water damage to the interior of the Property.

61. All conditions precedent to coverage under the Policy have been satisfied and/or have been waived or are excused by Defendant's conduct.

### FIRST CLAIM FOR RELIEF
*(Breach of Contract against State Farm)*

62. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

63. The Policy constitutes a contract of insurance.

64. Plaintiff has duly performed or satisfied each and every covenant and/or condition of the Policy or have been excused from so performing as a result of State Farm's material breaches of the Policy.

65. By its actions, as described above, State Farm breached the Policy.

66. State Farm's breach has caused Plaintiff to suffer damages in amounts to be proved at trial.

### SECOND CLAIM FOR RELIEF
*(Violation of and Relief Pursuant to C.R.S. §§ 10-3-1115 and -1116 against State Farm)*

67. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

68. C.R.S. § 10-3-1115 forbids a person engaged in the business of insurance from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

69. Plaintiff is a first-party claimant under § 10-3-1115.

70. State Farm is engaged in the business of insurance.

71. State Farm has delayed and denied Plaintiff's claim without a reasonable basis within the meaning of § 10-3-1115.

72. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by a person engaged in the business of insurance may bring an action in a Colorado district court to recover reasonable attorneys' fees and court costs, and two times the covered benefit.

EXHIBIT A

73. State Farm's actions, as described above, violate § 10-3-1115 as the Defendant has unreasonably delayed and denied payment of benefits owing to Plaintiff.

74. Plaintiff brings this claim to recover its reasonable attorneys' fees and court costs, and two times the covered benefit, pursuant to § 10-3-1116.

WHEREFORE, Plaintiff, Western Slope Holding Company, LLC, requests that this Court enter judgment in its favor and against Defendant State Farm as follows:

A. For compensatory and consequential economic damages in amounts to be proved at trial;

B. For two times the covered benefit, pursuant to statute;

C. For reasonable attorneys' fees, costs, and expenses incurred herein, pursuant to statute;

D. For all pre- and post-judgment interest, statutory or moratory, permitted by law; and

E. For such other and further relief as this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL TO A JURY OF SIX (6) PERSONS.**

Dated this 14th day of May 2024.

Respectfully submitted,

By: /s/ *Zachary C. Warzel*
    Zachary Warzel, No. 36546
    KEATING WAGNER POLIDORI FREE, P.C.

Plaintiff's Address:
Western Slope Holding Company, LLC
c/o Jim Guire
29516 V 24 Road
Nucla, CO, 81424